### No. 2804

### Second Circuit

---

## MORRISON v. UNITED STATES FIDELITY & GUARANTY CO.

---

(December 11, 1926.  Opinion and Decree.)
(January 28, 1927.  Rehearing Refused.)

---

*(Syllabus by the Court)*

1. **Louisiana Digest—Appeal—Par. 625.**

The finding of fact by the judge a qua will not be disturbed on appeal unless manifestly erroneous.
   Smith vs. Crow, 1 La. App. 659.

2. **Louisiana Digest—Master and Servant —Par. 160 (e), 160 (j).**

The fact that, after the accident happening in March, 1922, the injured employee was, in August, 1923, again at work and earning practically the same wages as before the accident, and that after the case had been tried and judgment rendered the judgment was set aside and the case reopened for the ad-

mission of further evidence, at which time plaintiff offered no evidence to show that he was unable to retain his employment, warrants the court in finding that at that time plaintiff was able to do work of a reasonable character.

(The recent amendment of Act 20 of 1914 is Act 85 of 1926.—Editor's note.)

Appeal from the Sixth Judicial District Court of Louisiana, Parish of Ouachita. Hon. Percy Sandel, Judge.

Action by Harrison Morrison against United States Fidelity & Guaranty Company.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Dawkins & Dawkins, of Monroe, attorneys for plaintiff, appellant.

Theus, Grisham & Davis, of Monroe, attorneys for defendant, appellee.

### STATEMENT OF THE CASE

REYNOLDS, J.  This is a suit to recover compensation under the Workmen's Compensation Act.

It is not denied that plaintiff received a serious injury in March, 1922, that incapacitated him from working, and entitled him to compensation from that date to February 22, 1923, to which date the defendant paid him compensation.  Defendant contended that on the last named date plaintiff had fully recovered from the injury received and ceased to pay him compensation.

The case was tried on the issue as to whether or not the injury plaintiff received entitled him to compensation as for permanent total disability, or whether, on

February 22, 1923, he had entirely recovered from his injury.

There was judgment rejecting plaintiff's demand.

A new trial was granted and judgment was rendered in favor of plaintiff for compensation from February 22, 1923, to August 28, 1923, the date on which the evidence shows plaintiff obtained employment at a wage equal to that he was receiving before the accident.

Plaintiff perfected an appeal. Defendant answered his appeal and prays that plaintiff's demands be rejected.

## OPINION

The sole question for decision in this case is whether or not plaintiff was permanently totally disabled by the accident or whether, after February 22, 1923, he was able to do work of a reasonable character.

Plaintiff's witnesses, Dr. George N. Trezevant and Dr. Leo Vandegaer, testified, in effect, that plaintiff was totally disabled to do work of a reasonable character.

Doctors G. W. Wright, J. Q. Graves and J. B. Vaughn, sworn as expert medical witnesses for defendant, gave it as their opinion that at the date of the trial plaintiff had entirely recovered from the injury received in the accident and was entirely able to do work of a reasonable character, and their opinion is strongly corroborated by the testimony of plaintiff himself, who testified that on August 28, 1923, he obtained employment from another carbon black company at practically the same wages that he was receiving from the Federal Engineering Company, his employer at the time of the accident.

Our learned brother of the District Court gave plaintiff judgment for compensation from the time defendant ceased to pay him compensation to August 28, 1923, the date on which plaintiff returned to work at practically the same wage he was receiving before the accident. After a careful reading of all the evidence we are convinced that the judgment of the District Court is correct.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.

ODOM, J., recused.